■ ELIZABETH K. ORCUTT, Appellant, v. POMONOK COUNTRY CLUB, INC., et al., Respondents.— Judgment unanimously affirmed, with costs. No opinion. Concur — Peck, P. J., Breitel, Botein and Rabin, JJ.

■ ROSE B. ARNOLD, Respondent, v. CHAND REALTY CORPORATION, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Concur — Peck, P. J., Breitel, Botein, Rabin and Cox, JJ.

■ A. MICHAEL KATZ, Appellant, v. IRVING ENKELLS et al., Respondents. — Judgment unanimously affirmed, with costs. No opinion. Concur — Peck, P. J., Breitel, Botein, Rabin and Cox, JJ.

■ BEATRICE PARKER et al., Respondents, v. TWO JAY REALTY CORPORATION, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Concur — Peck, P. J., Breitel, Botein, Rabin and Cox, JJ.

■ FLORENCE KOBIN, Respondent-Appellant, v. HENRY V. KOBIN, Appellant-Respondent.— Judgment, granting plaintiff a separation and awarding her alimony of $2,250 per month, unanimously modified to limit the provision requiring her to turn over to defendant all of the furniture, furnishings and equipment in the home, to property belonging to defendant and, as so modified, affirmed, without costs. This action was commenced by an order of sequestration encompassing all the property of defendant "both real and personal — within the State of New York." That order further provided that plaintiff be allowed to use and occupy the family home "together with the furniture and furnishings therein" (see Civ. Prac. Act, § 1171-a). In her affidavit in support of the application for that order, plaintiff averred that " The aforesaid property including the house and contents is owned by my husband ". On this appeal, for the first time, plaintiff asserts that she is the owner or co-owner of some of the furniture, furnishings and equipment. No claim of title having been made before the Special Referee, his determination was necessarily directed solely to the issue of possession and use of the furniture, furnishings and equipment with which plaintiff had been invested pursuant to the order of sequestration. The modification of the judgment is to make clear, in the face of plaintiff's belated assertion of her interest in some of the property, that no determination as to the title to the furniture, furnishings and equipment was made in this action. (Cf. Plohn v. Plohn, 1 A D 2d 824.) Settle order on notice. Concur — Peck, P. J., Breitel, Botein, Rabin and Cox, JJ.